NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-1522
_____

UNITED STATES OF AMERICA

v.

IRWIN CRUTCHFIELD,
                              Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cr-00746-001)
District Judge:  Hon. R. Barclay Surrick
_____

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2011

Before:  SLOVITER, SCIRICA, and SMITH, *Circuit Judges*

(Filed:  September 14, 2011)
_____

OPINION
_____

1

SLOVITER, *Circuit Judge.*

Appellant Irwin Crutchfield appeals from his conviction after a conditional guilty plea for possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e). He argues that the District Court erred in denying his motion to suppress evidence obtained from the search of a residence where Crutchfield was suspected of residing in violation of his parole. We will affirm.[1]

Crutchfield was released from a Pennsylvania correctional institution and placed on parole under the supervision of the Pennsylvania Board of Probation and Parole. Crutchfield signed a release plan in which he acknowledged the conditions of his parole. The release plan identified Crutchfield's approved residence as 319 Harding Boulevard in Norristown, Pennsylvania, and notified Crutchfield that he was required to obtain the written permission of the parole supervision staff before changing his residence. Crutchfield also consented "to the search of [his] person, property and residence, without a warrant by agents of the Pennsylvania Board of Probation and Parole." App. at 108.

During Crutchfield's parole, Parole Agent Mike Gamitter received anonymous information that Crutchfield was living with his common law wife at 524 East Basin Street in Norristown, was selling cocaine, and had a gun. During the following months,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291. This court reviews a district court's denial of a motion to suppress for clear error as to the underlying factual findings and exercises plenary review of the district court's application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

postal authorities confirmed that Crutchfield received mail at 524 East Basin Street, and a man at 319 Harding Boulevard told Parole Agent Harry Gaab that Crutchfield did not live there. Gaab also observed that Crutchfield stored no personal items at 319 Harding Boulevard, and that he parked at and would use his keys to enter 524 East Basin Street. Based on these observations and others, the agents believed that Crutchfield was living at 524 East Basin Street in violation of his parole.

Parole Agent Gaab applied for a warrant to search 524 East Basin Street for evidence that Crutchfield was living there. A Pennsylvania District Justice approved the application. While conducting the search with other agents, Gaab found evidence that Crutchfield was indeed living there. Gaab also found what he suspected to be cocaine and a handgun. That same day, a County Detective applied for a warrant to search the residence and seize the latter items, which the same District Justice granted. Crutchfield was subsequently indicted in United States District Court for federal drug and gun crimes.

Crutchfield moved to suppress the evidence seized. The District Court denied the motion, concluding that parole agents could conduct a valid warrantless search of a parolee or his residence as long as they have reasonable suspicion that the parolee violated the terms of his parole by living at an unapproved residence. The Court held that the parole agents possessed "overwhelming" evidence that Crutchfield violated his parole by living at 524 East Basin Street, which was an unapproved residence.

Concluding that the search would have been lawful even if it had been conducted without a validly executed search warrant, the Court declined to address Crutchfield's

3

argument that the initial search warrant was invalid and that the second search and seizure warrant constituted the fruit of the poisonous tree. Crutchfield entered a conditional plea of guilty pursuant to Fed. R. Crim. P. 11(a)(2), preserving his right to appeal the Court's denial of his suppression motion. This appeal followed.

Crutchfield claims that probable cause was lacking to justify the search under the Fourth Amendment. Warrantless searches are presumed unreasonable, unless an exception applies. *Payton v. New York*, 445 U.S. 573, 585-86 (1980). The parole system is one such exception. *See Griffin v. Wisconsin*, 483 U.S. 868, 873-74 (1987); *United States v. Hill*, 967 F.2d 902, 909-10 (3d Cir. 1992). We have held that a parole agent does not need to show probable cause to obtain a warrant to search a parolee's home. *Hill*, 967 F.2d at 910. Rather, parole agents may conduct warrantless searches of parolees and their approved residences when reasonably necessary. *Id.*

Crutchfield concedes that the agents had reasonable suspicion to believe that he had violated the conditions of his parole by living at an unapproved residence. He contends, however, that a warrantless search of an unapproved residence comports with the Fourth Amendment only if there is also probable cause to believe that the parolee resides at the unapproved residence, citing *United States v. Howard*, 447 F.3d 1257, 1262 (9th Cir. 2006) ("[B]efore conducting a warrantless search pursuant to a parolee's parole condition, law enforcement officers must have probable cause to believe that the parolee is a resident of the house to be searched." (alteration in original) (quotations omitted)). We need not decide whether probable cause is required because we conclude that the agents did possess probable cause that Crutchfield was living at 524 East Basin Street.

Under the circumstances, a warrant was not required and we decline to consider Crutchfield's arguments that the initial warrant was invalid and that Pennsylvania law prohibits searches of unapproved residences of parolees based upon reasonable suspicion of a probation violation. *Cf. United States v. Laville*, 480 F.3d 187, 192 (3d Cir. 2007) (validity of arrest under state law must never be confused with concept of reasonableness under Fourth Amendment); *United States v. Rickus*, 737 F.3d 360, 363-64 (3d Cir. 1984) ("It is a general rule that federal district courts will decide evidence questions in federal criminal cases on the basis of federal, rather than state, law."). In this federal action, the search was constitutional under the Fourth Amendment and, in any event, the agents possessed probable cause. Accordingly, we will affirm Crutchfield's conviction.